UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK ALEXANDER BERRY,<br>Plaintiff,<br>v.<br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br>Defendants. | Case No. 1:26-cv-07580-JLT-EPG (PC)<br>FINDINGS AND RECOMMENDATIONS TO DENY REQUESTS FOR INJUNCTIVE RELIEF<br>(ECF No. 1)<br>OBJECTIONS, IF ANY, DUE WITHIN 30 DAYS |

## I. INTRODUCTION

Plaintiff Frank Alexander Berry is a state court prisoner and proceeds *pro se* and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983. (ECF No. 1).

On October 26, 2026, the Court screened Plaintiff's complaint (ECF No. 10), which alleged that six physicians, a correctional officer, Does 1-50, and the California Department of Corrections and Rehabilitation ("CDCR") were deliberately indifferent to his serious medical needs and committed state law medical negligence, along with intentional infliction of emotional distress, by misdiagnosing his liver cancer and delaying treatment until it became a terminal condition (ECF No. 1). Plaintiff also alleged that, after he filed a grievance about his care, Defendants Baker, Bhavsar, and Mehta discriminated against him by withholding a lower bunk chrono, medical devices, and reducing his pain medication. (*Id.*).

As explained in the Screening Order, the Court found that Plaintiff stated only a claim for retaliation in violation of the First Amendment against Defendants Baker, Bhavsar, and Mehta. (ECF No. 10). The Court found that Plaintiff failed to state claims for deliberate indifference to serious medical needs, medical negligence, violation of the Americans with Disabilities Act ("ADA"), and intentional infliction of emotional distress. (*Id.*).

Plaintiff's complaint also contains requests for injunctive relief. (*Id.* at 17, 18). As explained below, the Court will recommend that Plaintiff's requests for injunctive relief be denied.

## II. SUMMARY OF REQUESTS FOR INJUNCTIVE RELIEF[1]

Broadly summarized, Plaintiff alleges in his complaint that "Defendants" initially misdiagnosed his symptoms of rectal bleeding, fatigue, and weight loss as hepatitis C and then delayed in getting him recommended treatment after an oncologist diagnosed him with stage I-II adenocarcinoma[2] as well as cholangiocarcinoma.[3] (*Id.* at 8-16). This delay in treatment and confusion about diagnosis resulted in the cancer progressing over several years. "Additional testing determined Plaintiff's cancer had progressed to stage IV and was no longer treatable." (*Id.* at 14). Plaintiff alleges that his oncologist told him at some time that he has no more than six months to live. (*Id.*).

While he alleges that Dr. Bhavsar and Dr. Mehta reduced his pain medication out of retaliation for filing a healthcare grievance, Plaintiff also alleges that his oncologist later "re-prescribed more pain medications." (*Id.* at 10-11).

In his complaint, Plaintiff seeks 1) "immediate injunctive relief for access to competent medical treatment," 2) "immediate emergency oncology treatment and evaluations," 3) compassionate release from his sentence of life imprisonment; and 4) the appointment of a

---

[1] For readability, minor alterations, like changing capitalization, have been made throughout to some of Plaintiff's quotations without indicating each change.

[2] Adenocarcinoma is a type of cancer that "starts in the glands that line your organs…[and] can affect several areas of your body, including your lungs, stomach, pancreas and colon." https://my.clevelandclinic.org/health/diseases/21652-adenocarcinoma-cancers (accessed Oct. 21, 2026).

[3] "Cholangiocarcinoma is cancer that forms in your bile ducts." https://my.clevelandclinic.org/health/diseases/21524-cholangiocarcinoma (accessed Oct. 21, 2026).

"conservatorship" to his daughter if he passes away before this case is resolved. (*Id.* at 17-18).

## III. ANALYSIS

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "The substantive standard for granting a temporary restraining order is the same as the standard for entering a preliminary injunction." *Friant Water Auth. v. Jewell*, 23 F. Supp. 3d 1130, 1134 n.4 (E.D. Cal. 2014) (citing *New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n. 2 (1977)).

The Ninth Circuit considers the likelihood of success on the merits "the most important *Winter* factor; if a movant fails to meet this threshold inquiry, the court need not consider the other factors." *Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017) (internal quotation marks omitted). However, even if likelihood of success is not established, "[a] preliminary injunction may also be appropriate if a movant raises serious questions going to the merits and the balance of hardships . . . tips sharply towards it, as long as the second and third *Winter* factors are satisfied." *Id.* (internal quotation marks omitted).

As explained in detail in the Screening Order, Plaintiff's complaint fails to state a claim for deliberate indifference to serious medical needs, medical negligence, violation of the ADA, and intentional infliction of emotional distress for reasons including that Plaintiff fails to identify what any specific person did or failed to do related to his medical treatment. (ECF No. 10 at 6-7, 9-12, 15). Thus, at this stage of the proceedings, Plaintiff has not demonstrated that he is likely to succeed on the merits of his case or that he is entitled to extraordinary relief. Therefore, the Court recommends denying all of Plaintiff's motions seeking injunctive relief. *See Vela v. State Bar of California*, No. 1:23-CV-01638-JLT-BAM, 2023 WL 8948273, at *1 (E.D. Cal. Dec. 28, 2023), *report and recommendation adopted*, 2024 WL 1077343 (E.D. Cal. Mar. 12, 2024) ("Upon screening, the Court has determined that Plaintiff's complaint fails to state a cognizable claim and that she seeks relief from at least one defendant who is immune from relief. Plaintiff has not yet filed an amended complaint that states a cognizable claim. As a

result, the Court cannot find that Plaintiff has shown a likelihood of success on the merits [for purposes of obtaining injunctive relief].").

Further, Plaintiff's civil rights complaint under § 1983 seeks compassionate release from custody. (ECF No. 1 at 17). However, when a state prisoner challenges the legality of his custody and the relief he seeks is the determination of his entitlement to an earlier or immediate release, his sole federal remedy is a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a 1983 action. *Muhammad v. Close,* 540 U.S.749, 750 (2004) (per curiam); *see also Nettles v. Grounds*, 830 F.3d 922, 930 (9th Cir. 2016) (holding that habeas corpus is "available only for state prisoner claims that lie at the core of habeas (and is the exclusive remedy for such claims), while § 1983 is the exclusive remedy for state prisoner claims that do not lie at the core of habeas").

Finally, Plaintiff seeks an order for a conservatorship to his daughter in the event he dies during the pendency of this case. However, it is premature for the Court to consider issues regarding the substitution of Plaintiff's estate representative in this matter. Moreover, substitution upon death of a party is not resolved through a preliminary injunction but through application of Rule 25 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 25(a)(1).

Accordingly, the Court will recommend denying Plaintiff's requests for compassionate release and an order of conservatorship to his daughter in the event of his death during the pendency of the case.

## IV. CONCLUSION AND RECOMMENDATIONS

For the above reasons, IT IS RECOMMENDED that Plaintiff's requests for injunctive relief be denied. (ECF No. 1 at 17-18).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to

Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 26, 2026**

/s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE